NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. PROCHAZKA by and through his Co-Attorneys-In-Fact CAROL A. SPENCER and R. ALAN PROCHAZKA and HENRY A. GLOWACKI by and through his Attorney-In-Fact VINCENT RAGUSEO : : : : : : : Plaintiffs, : : SUNRISE SENIOR LIVING, INC. (a : Virginia Corporation incorporated in : Delaware); SUNRISE SENIOR LIVING : MANAGEMENT, INC. (A Virginia : Corporation f/k/a SUNRISE ASSISTED : LIVING MANAGEMENT, INC.); : SUNRISE MORRIS PLAINS ASSISTED : LIVING, LLC (A New Jersey Limited : Liability Company); JOHN DOES 1-10, : (Being the persons and/or entities : Responsible for the injuries suffered by : plaintiffs), : : Defendants. : | Civil Action No. 2:12-cv-04415-CCC-JAD |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on Defendant Sunrise Senior Living, Inc.'s ("Defendant") Motion to Dismiss Plaintiffs Robert A. Prochazka's and Henry A. Glowacki's ("Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The Court has given careful consideration to the submissions of the parties.  No oral argument was heard pursuant to Rule 78

of the Federal Rules of Civil Procedure. For the reasons outlined herein, the Court grants Defendant's Motion to Dismiss without prejudice.[1]

## II. BACKGROUND

Plaintiffs filed their original Complaint on July 16, 2012. The Complaint alleges that Plaintiffs were abused at a senior living community known as Sunrise of Morris Plains (the "Community"). In particular, Plaintiffs' claims include allegations of assault, negligence, negligent hiring, breach of fiduciary duty and respondeat superior. (Compl. First Count ¶¶ 65-73, Second Count ¶¶ 74-79, Fourth Count ¶¶ 43-50, Eighth Count ¶¶ 67-75, Ninth Count ¶¶ 76-82.)

The Community is owned by Sunrise Morris Plains Assisted Living, LLC (the "Owner") and managed by Sunrise Senior Living Management, Inc. (the "Management"), formerly known as Sunrise Assisted Living Management, Inc. Sunrise Senior Living, Inc. ("SSLI"), the parent company of the Management, was also named as a Defendant in the action. SSLI now moves to dismiss the claims against it.

## III. DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### A. Legal Standard

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in

---

[1] The Court considers arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft, 556 U.S. at 678 (citations omitted).

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Maio v. Aetna, 221 F.3d 472, 482 (3d Cir. 2000) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). If a claim is dismissed pursuant to Rule 12(b)(6), the plaintiff may be granted leave to amend or re-assert the claim. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). However, leave to amend is not warranted if "the complaint, as amended, would fail to state a claim upon which relief could be granted." Id.

**B. Discussion**

In support of its Motion to Dismiss, SSLI argues that as a corporate parent of the Management, it is not responsible for the actions of the Community, Owner or Management and thus is not a proper Defendant in this case. Specifically, SSLI argues that there is no basis to pierce the corporate veil in order to hold SSLI liable for the actions of others, that Plaintiffs have failed to make any specific allegations against SSLI, and that the Management, a viable entity that is adequately capitalized and insured, is the appropriate Defendant to this action.

1. Piercing the Corporate Veil

SSLI contends that "[t]he only connection between SSLI and this litigation is that SSLI is the corporate parent of the [] Management, the manager and operator of the Community" (SSLI's Br. 5.) SSLI points to the long standing principle that a parent corporation is insulated from the liabilities of its subsidiaries. (Id.) SSLI further argues that Plaintiffs have not met the "heavy burden of pleading sufficient facts" to pierce the corporate veil in order hold SSLI liable for the actions of its subsidiary. (Id. 9.) Plaintiffs respond that SSLI's arguments should be resolved on summary judgment[2] rather than on a motion to dismiss. (Pl.s' Br. 9.) They contend that insufficient facts have surfaced from discovery to determine whether piercing the corporate veil is appropriate. (Id.)

Under New Jersey law, "piercing the corporate veil is an equitable remedy through which the Court may impose liability on an individual or an entity normally subject to the limited liability protections of the corporate form." Mall at IV Grp. Props., L.L.C. v. Roberts, No. 02-4692, 2005 U.S. Dist. LEXIS 31860, at *7-8 (D.N.J. Dec. 8, 2005). In order to pierce the corporate veil, a plaintiff must show two elements: "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." Id. at *8.

In the present case, SSLI is the sole shareholder of Management. Thus, it enjoys limited liability which "normally will not be abrogated;" the corporate veil will only be pierced "in cases of fraud, injustice, or the like." State Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 500

---

[2] Plaintiffs further object to SSLI's use of Exhibit 2, – the Declaration of Susan Timoner – arguing that "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Because the Court did not rely on this document in reaching its decision, it need not convert Defendant's Motion to Dismiss into one for summary judgment.

(1983) (citations omitted). Importantly, because piercing the corporate veil is an extraordinary measure, the Court has explained that it will only be permitted where the elements have been adequately pled. See Wrist Worldwide Trading GMBH v. MV Auto Banner, No. 10-2326, 2011 U.S. Dist. LEXIS 127655, at *16 (D.N.J. Nov. 4, 2011) ("[P]arroting of the alter ego factors alone is insufficient to satisfy the required pleading standards.")

The Court finds that Plaintiffs have not pleaded sufficient facts to warrant a finding of liability for SSLI. For example, in Flores v. HSBC, No. 11-cv-05525, 2012 U.S. Dist. LEXIS 90673 (D.N.J. June 29, 2012), the plaintiffs filed suit against several lenders and residential mortgage-lending operations based on their alleged predatory lending practices. Plaintiffs also named as a defendant HSBC, a mortgage loan originator and a parent company of the lenders or residential mortgage-lending operations. The Court held that the factual deficiencies of the plaintiffs' complaint rendered it unable to hold HSBC liable as parent company for any alleged wrongs committed by its subsidiaries. In particular, the plaintiffs' allegations "fail[ed] to allege any facts to establish a unity of interest and ownership between HSBC and its subsidiaries." Id. at *18. See also Wrist Worldwide, 2011 U.S. Dist. LEXIS 127655, at *15 (denying the plaintiff's proposed alter-ego allegation without prejudice because its "bare-boned allegations of undercapitalization and common control and/or management, standing alone, do not rise to the level of plausibility required to survive a 12(b)(6) motion").

Similarly, here, Plaintiffs do not allege a special relationship between SSLI and the Management such that the traditional parent-subsidiary relationship should be disturbed. Specifically, Plaintiffs do not claim that SSLI and its subsidiary shared a unity of interest or ownership. Given that piercing the corporate veil is an extraordinary measure and will only be

allowed where the elements are adequately pleaded, piercing the corporate veil should not be permitted in the instant case.

  2. Allegations against SSLI

SSLI also contends that Plaintiffs have failed to make allegations specific to SSLI. For example, SSLI argues that "[t]here is not a single specific plausible allegation that SSLI's employees were ever present at the Community or responsible for the hiring of any employees at the Community." (SSLI's Br. 10.) Instead, the Complaint only "suggest[s] the existence of liability based entirely on the allegation that SSLI 'through its subsidiaries and affiliated companies operates more than 300 Sunrise Senior Living communities around the world.'" (Id.) Plaintiffs argue that their pleading is "replete with allegations made directly against [SSLI]" (Pl.s' Br. 10), but point to no specific facts or allegations.[3]

The Court finds that Plaintiffs have failed to allege sufficient facts against SSLI. In Snyder v. Farnam Cos., Inc., 792 F. Supp. 2d 712, 717 (D.N.J. 2011), the Court granted a 12(b)(6) motion to dismiss because it held that "[a] parent corporation cannot be held liable for the acts of its subsidiaries solely because of its ownership of those subsidiaries." Id. at 717. The Court dismissed the claim against the parent corporation after finding that the "Plaintiffs . . . failed to allege any facts imposing liability on [the parent company]." Id.

Here, the Complaint asserts claims against Defendants collectively as "SUNRISE" and therefore fails to distinguish the actions of SSLI from the other Defendants. (Compl. Facts ¶ 10.) Although the Complaint refers to "Sunrise Assisted Living of Morris Plains" Community as being "owned/managed/leased/operated/staffed and/or maintained by defendant SUNRISE

---

[3] Plaintiffs do, however, attach what appears to be a brochure from SSLI's website and SSLI's SEC Form 10-K filings as evidence of SSLI's control over the Community and its Owner. (Pl.s' Br. 11-13 & Ex.) Given that these documents were not attached to Plaintiffs' Complaint, they will not be considered in connection with this Motion.

6

SENIOR LIVING, INC." (Compl. Facts ¶ 16), the Complaint fails to provide factual support for this allegation. As such, Plaintiffs have failed to provide sufficient facts indicating that SSLI should be liable for the acts of the Community, Management or Owner based solely on its ownership of any of those entities.

3) <u>The Management as the Proper Party</u>

Finally, SSLI argues that the claim against it must be dismissed because the proper party to this case, the Management, "is a viable entity that is adequately capitalized and insured to cover any potential judgment awarded" to Plaintiffs. (SSLI's Br. 11.) Plaintiffs argue that SSLI have offered insufficient facts to substantiate its assertions. (Pl.s' Br. 14.) Because the Court decides SSLI's Motion based on the reasons set forth above, it need not address this argument.

IV. **CONCLUSION**

Based on the reasons set forth above, SSLI's Motion to Dismiss is granted without prejudice. To the extent the deficiencies in Plaintiffs' claims against SSLI can be cured by way of amendment, Plaintiffs are granted thirty (30) days to file an Amended Complaint solely for purposes of amending such claims. An appropriate Order accompanies this Opinion.

                                                                                  _____
                                                                                  CLAIRE C. CECCHI, U.S.D.J.

DATED: March 26, 2013